UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANGELA MCTAGGART,**

      Plaintiff,

v.

Case No.:

Honorable: Magistrate:

**HURLEY BOARD OF HOSPITAL MANAGERS,
D/B/A HURLEY MEDICAL CENTER,**

      Defendant.

_____/

LAW OFFICE OF CRIS WASSERMAN
Cristine Wasserman P53656
Attorney for Plaintiff
717 S. Grand Traverse Street
Flint, MI 48502
(810)877-6732
Cristinewasserman@hotmail.com

_____/

**PLAINTIFF'S COMPLAINT
<u>AND JURY DEMAND</u>**

      Plaintiff, Angela McTaggart by her attorney Cristine Wasserman and for her Complaint against Hurley Board of Hospital Managers, d/b/a Hurley Medical Center [hereinafter "Hurley"], states and alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Angela McTaggart is a resident of Mount Morris, in the County of Genesee, State of Michigan.

2.      This suit is brought and jurisdiction lies pursuant to 29 USC § 2601 et seq. of Family Medical Leave Act of 1993 ("FMLA").

3.      Defendant Hurley operates at its principal place of business in the City of Flint, County of Genesee, State of Michigan.

4.      The events giving rise to this action occurred mostly in the City of Flint, Genesee County, Michigan.

5.      At all relevant times, Plaintiff was and is an eligible employee as defined by the FMLA. 29 USC 2611(2).

6.      At all relevant times, Defendant Hurley was and is an employer as defined by the FMLA. Id.

7.      This Court has jurisdiction over Plaintiff's Federal law claims pursuant to 28 U.S.C. §1331 and jurisdiction over Plaintiff's State law claim pursuant to 28 U.S.C. §1367.

8.      The amount in controversy in this case exceeds $75,000.00.

9.      The claims Plaintiff asserts in this lawsuit are brought under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

10.    Venue is proper in the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

11.    Plaintiff became employed with Defendant on or about October 2016.

12.    At all times pertinent hereto, Plaintiff held the position of Senior Cook.

13.    On June 26, 2020, Defendant discharged Plaintiff from her employment.

14.    Defendant's proffered reason for Plaintiff's discharge was "Other: Failed Nursing State Board Exam twice" and "failed to respond to any and all attempts by The Hartford to produce documentation needed" to support her need for Family Medical Leave, and thus had 15 unscheduled absences between May 24, 2020 and June 17, 2020.

15.    In approximately March 2020, shortly after the beginning of the pandemic, Plaintiff sent an email to the President of Defendant, claiming all of Personal Protection Equipment [PPE] was being taken from the food service staff and given to nurses.

16.    Plaintiff's husband suffers from COPD and has frequent bouts of

bronchitis and wheezing.

17. At the time of her discharge, Defendant was aware that Plaintiff was taking approved Family Medical Leave, and had been taking such leave since April 2020.

18. Defendant was also aware that Plaintiff's husband's physician had indicated that the need for Family Medical Leave had a probably duration of through April 6, 2021.

19. From approximately April 3, 2020 until May 23, 2020, Plaintiff was on a continuous, approved FMLA leave by Defendant through its third party administrator, The Hartford.

20. In a letter dated May 18, 2020, and received by Plaintiff May 29, 2020, Defendant through The Hartford, its third party Family Medical Leave Act administrator Plaintiff was advised she needed to have an additional Certificate of Health Care provider completed by her husband's physician by June 2, 2020.

21. Plaintiff immediately forwarded the Medical form to Dr. Scott Graves, MD., but due to various Covid 19 related delays, the Certification of health Care Provider form was not completed and returned to The Hartford until June 16, 2020.

22. According to Defendant's Record of Discipline, on May 26, 2020 Plaintiff was notified that supporting documentation was needed and was due on June 2, 2020.

23.    Then on June 5, 2020, Defendant claims the leave request was denied and a return to work date of May 24, 2020 was set by The Hartford.

24.    Prior to her discharge, Plaintiff had been a good employee for Defendant.

25.    On or about June 19, 2020, Defendant sent to Plaintiff via certified mail, a Record of Disciplinary Action indicating "we are requesting a Discharge from Hurley Medical Center."

26.    Based on Defendants' wrongful acts, Plaintiff has suffered economic damages as well as emotional damages, physical harm and disabilities.  Plaintiff also seeks a statutory attorney fee award.

### COUNT I:   INTERFERENCE AND RETALIATION CLAIMS UNDER THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2601 ET SEQ. AGAINST DEFENDANT

22.    Plaintiff incorporates by reference the preceding paragraphs.

23.    Plaintiff was an eligible employee under the Family and Medical Leave Act having worked full-time for Defendant since 2016 accumulating more than the necessary hours in the preceding 12 month period.

24.    Defendant is an eligible employer under the Family and Medical Leave Act having 50 or more full-time employees within 75 miles of Plaintiff's job site in Flint, Michigan.

25.     A motivating factor for Plaintiff's discharge was that she took leave that was protected and/or guaranteed by the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

27.     29 CFR §825.313 states,

"[a]n employee must provide recertification within the time requested by the employer (which must allow at least 15 calendar days after the request) or as soon as practicable under the particular facts and circumstances. If an employee fails to provide a recertification within a reasonable time under the particular facts and circumstances, then the employer may deny continuation of the FMLA leave protections until the employee produces a sufficient recertification. If the employee never produces the recertification, the leave is not FMLA leave. Recertification does not apply to leave taken for a qualifying exigency or to care for a covered servicemember.

28.     In May and June of 2020, the State of Michigan and most of the rest of the world, was trying to come to grips with the devastating affects of the Covid 19 pandemic.

29.     In terminating Plaintiff's employment, Defendant failed to properly calculate the 15 calendar day period allowed for Plaintiff to obtain Recertification.

30.     Defendant also failed to take into account the particular facts and circumstances surrounding Plaintiff's attempts to get the Recertification completed and returned by Dr. Graves, her husband's primary care provider, including relying on regular mail to send out the time sensitive forms.

31.     Plaintiff's denial of FMLA leave from May 24, 2020 through June 16, 2020 was unreasonable and unlawful.

32.     Plaintiff was terminated for missing time on or around May 24, 2020 through June 15, 2020 for which she took leave to care for husband due to his serious medical condition.

33.     Plaintiff had no control over the mail delivery, availability of Dr. Graves to complete and return the Health Certification or the Covid 19 pandemic.

34.     Defendant's actions in discharging Plaintiff were willful and knowingly in violation of the Family Medical Leave Act as Dr. Graves penned a statement to Defendant, admitting the Recertification was not sent back timely due to delays in his office caused by Covid 19.

35.     Despite being provided with this statement, Defendant moved forward with terminating Plaintiff's employment in violation of the Family Medical Leave Act.

36.     Accordingly, Plaintiff hereby asserts retaliation and interference claims under the Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

      a.  An award of damages, which includes, but is not limited to back pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

      b.  Liquidated damages where appropriate;

    c.  All damages and other relief afforded by law;

    d.  An award of punitive damages where appropriate in an amount to be proven at trial;

    e.  Attorneys' fees, interests, and costs as provided by law; and

    f.  Such other relief as the Court may deem just and equitable.

WHEREFORE, Plaintiff prays for judgment against Defendant in damages in such a sum in excess of $75,000.00 as a jury deems just, together with attorney fees, costs and interest.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a Jury Trial in the above-captioned case as guaranteed by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAW OFFICE OF CRIS WASSERMAN

Dated:  April 5, 2022        */s/ Cristine Wasserman*
Cristine Wasserman (P53656)
Attorney for Plaintiff